FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND   2017 JAN 13  PM 1: 32

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| Steven Moseley<br>1321 Upland Drive, suite 5957<br>Houston, Tx 77043<br>    Petitioner,    (Pro Se)<br><br>v.<br><br>Stephany Young<br>8918 Oxley Forest Court<br>Laurel, Maryland 20723<br><br>Closson, Esq, Walter<br>Howard County Dept of Social Services<br>7121 Columbia Gateway Drive<br>Columbia, Maryland 21046<br><br>Judge Richard S Bernhardt<br>Howard County Circuit Court<br>8360 Court Avenue<br>Ellicott City, Maryland 21043<br>    Respondent(s),  | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.    **JKB 17 CV 0116**

## PETITION FOR WRIT OF MANDAMUS FOR REVISORY REVIEW OF FRAUD, PERJURY, ABUSE OF DISCRETION AND ORDERS EXCEEDING JURISDICTION

Comes now the Petitioner, Steven Moseley, pro se in the matter, (*hereinafter* "the petitioner"), requests a review of case#13C11087194 from the Howard County Circuit Court for fraud, perjury, abuse of discretion, and orders exceeding jurisdiction. "On motion of a party filed at any time, the court may exercise revisory power and control over in case of fraud, mistake or irregularity." (Lapeer Co Clerk v Lapeer Circuit Judges, 465 Mich 559 [2002]). The petitioner is declaring to this court his Constitutional due process rights protected by the Fifth / Fourteenth Amendments were violated by the biased, fraudulent, and malicious practices of the inferior court. Caused by the conduct of Judge Richard S Bernhardt operating the Howard County Circuit

1

Court outside Maryland law, while acting under the color of state law, in order to deny the petitioner a hearing before the Howard County Circuit Court on the matter.

## JURISDICTION

1. This District Court of the United States has original, concurrent, and supplementary jurisdiction over this cause of action, including, but not limited to the following; 28 USC § 1331, 28 USC § 1367, 28 USC 1441(b), 28 USC § 1441(c), 28 USC § 1441(e), 28 USC § 1443(1), 28 USC § 1443(2), and/or 28 USC § 1446.

2. The District Court of the United States is an Article III court with authority to hear questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Fifth Amendment, the Fourteenth Amendment, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations. *See* the Article VI Supremacy Clause of the Constitution of the United States of America, as lawfully amended.

3. A Diversity Jurisdiction 28 U.S.C. § 1332 also exist because the petitioner is a resident of the state of Texas.

## RESERVATION OF RIGHTS DUE TO FRAUD

4. The petitioner hereby explicitly reserve his fundamental Rights to amend this and all subsequent pleadings, should future events and/or discoveries prove that he have failed adequately to comprehend the full extent of the damage(s) which he have suffered at the hands of the state court, and other involved parties, both named and unnamed, now and at all times in the future. *See* Rules 8, 15, and 18 of the Federal Rules of Civil Procedure.

2

## RECORD OF STATE PROCEEDINGS

5.  The Petitioner is now proceeding on the basis of the presumption that the Maryland State Court Record will be made available to this Honorable Court upon Notice and Demand for Mandatory Judicial Notice, pursuant to Rules 201 and 902 of the Federal Rules of Evidence, the Full Faith and Credit Clause contained under Article IV of the U.S. Constitution, and 28 U.S.C. § 1449.

## INCORPORATION OF PRIOR PLEADINGS

6.  The petitioner hereby incorporates by reference all pleadings, papers, and effects heretofore filed or otherwise lodged within the state proceedings the same as if fully set forth herein. The petitioner also submits all exhibits submitted with this complaint into evidence.

## FACTS OF CASE AND ARGUMENT

7.  The petitioner specifically complains on matters which go to related federal questions, such as federal criminal jurisdiction within the several States of the Union, and the denial or the inability to enforce, in the courts of a State, one or more rights under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof.

8.  The petitioner complains of various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution, by the Constitution of the State of Maryland, as lawfully amended (*hereinafter* "Maryland Constitution"), and by federal law, and which deprivations are criminal violations of 18 U.S.C. §§ 241 and 242. *See also* 28 U.S.C. § 1652.

3

9. On March 8, 2012 the petitioner, Steven Moseley, pro se in the Howard County Circuit Court case, was not present for the child support hearing held before the Master Elaine Patrick at the Circuit Court of Howard County in Ellicott City Maryland because he never received a hearing notification via 1st class mail as with all previous communications from the Howard County Circuit Court.

10. Upon acknowledgement (served via first class mail), that a hearing was held in his absence, the petitioner filed an exception (March 22, 2012) to the Master's Recommendation made on March 8, 2012, in a timely and proper manner (**and requested a hearing on the matter**) because the Circuit Court for Howard County did not take into consideration that the petitioner was unemployed and he had other evidence relevant to the case that would have resulted in a major difference in the calculation of the child support award (see E2 - E5).

11. On March 27, 2012 a response to the petitioner's request for an exception was filed on the behalf of the plaintiff (see E6 – E12), followed by a Motion to Dismiss Exceptions filed on March 29, 2012 (see E13 – E15).

12. The petitioner then filed an Opposition to the Motion to Dismiss on April 6, 2012 arguing the exception was filed within the time period required for filing exceptions and continued to requested a hearing on the matter (see E16 – E25).

**13. The petitioner is stating to this court, the exception filed by the petitioner was filed in a timely manner, using clear and precise language.**

**14. The petitioner is stating to this court, the exception filed by the petitioner clearly requested a hearing on the matter.**

**15. The petitioner is stating to this court, he never appeared before the court on this matter before.**

4

16. The petitioner is stating to this court, the exception was filed so he could present his case orally before the Howard County Circuit Court.

17. The petitioner is stating to this court, he met all the requirements for an exception hearing before the Howard County Circuit Court.

18. The Howard County Circuit Court never responded to the timely filed exception submitted by the petitioner.

19. The Circuit Court never ruled against or complained about the filing procedures of the petitioner's timely filed exception.

20. On April 9, 2012 the Order for Child Support Order was issued by Judge Richard S Bernhardt without a ruling on the timely filed exception submitted by the petitioner (see E26 – E27). It was at this point, Howard County Circuit Court started operating outside of Maryland law.

21. IT IS CLEAR LAW IN MARYLAND THAT A JUDGE IS REQUIRED TO REVIEW AND RESOLVE, IN WRITING, EACH AND EVERY EXCEPTION MADE. THE HOWARD COUNTY CIRCUIT COURT MALICIOUSLY REFUSED TO DO THIS.

22. The Howard County Circuit Court maliciously stepped/operated outside Maryland law in order to deny the petitioner his right to appear before the court. The court literally ignored Maryland Rule 9-208(h)(1)(A), which clearly states "the court shall not direct the entry of an order or judgement based upon the master's recommendations until the expiration of the time for filing exceptions, and if exceptions are timely filed, until the court rules on the exceptions".

23. The Howard County Circuit Court also ignored Maryland Rule 9-208(i) **which clearly states "A hearing on exceptions, if timely requested,** *shall be held* **within 60 days after the filing of the exceptions unless the parties otherwise agree in writing."**

**24. The Howard County Circuit Court thus committed an act of extrinsic fraud upon the court by the court, because the petitioner was unlawfully (both state and federal law) denied his right to be heard in a formal court hearing on the matter.** Extrinsic fraud is "'fraud that induces a person not to present a case or **deprives a person of the opportunity to be heard.'**" Chewning, 354 S.C. at 81, 579 S.E.2d 610).

**25. Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. Earle v McVeigh, 91 US 503, 23 L Ed 398.**

**26. A judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights. Sabariego v Maverick, 124 US 261, 31 L Ed 430, 8 S Ct 461, and is not entitled to respect in any other tribunal.**

**27. The Howard County Circuit Court also denied the petitioner proper due process which is protected by the Fifth / Fourteenth Amendment, which also makes the judgement void.** A judgement is void if it not consistent with Due Process of law. Orner v. Shalala, 30 F.3d 1307, 1308 ( C.A.10 (Colo.),1994); V.T.A., Inc. V. Airco, Inc., 597 F.2d 220, 221 (1979). A judgment reached without due process of law is without jurisdiction and thus void. Bass v. Hoagland, 172 F. 2d 205, 209 (1949).

6

28. **"Due Process is a requirement of the U.S. Constitution. Violation of the United States Constitution by a judge deprives that person from acting as a judge under the law. He/she is acting as a private person, and not in the capacity of being a judge,":Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872).**

**29. This act of extrinsic fraud made the order void from onset,** because the petitioner was **fraudulently** denied his only opportunity to appear orally before the Howard County Circuit Court on the matter before the child support order was issued.

30. On April 18, 2012 (nine days after the Child Support Order was issued), **in an attempt to correct the wrong and thus further operate outside Maryland law,** a ruling on the exception was filed by the Howard County Circuit Court to dismiss the exception filed by the petitioner (see E28), without a formal written reason (**NO JUSTIFICATION AT ALL**).

31. On April 24, 2012 the petitioner filed a Motion to Vacate Child Support Order because the Circuit Court failed to follow the Maryland Rule 9-208 (h)(1)(A) in clear and precise language (see E29 – E33), **but the Howard County Circuit Court choose to continue operating outside Maryland law by denying the motion on April 18, 2012.**

32. The petitioner then timely appealed the issue to the Maryland Court of Special Appeals (No. 0436 September 2012). The petitioner was forced to proceed pro se in the matter (due to continued financial restraints) against Maryland's top attorneys in The Maryland Court of Special Appeals. The petitioner (with no legal experience) was unsuccessful in his attempt to adequately argue his case before the Court of Special Appeals, and they ruled the violation of Maryland Rule 9-208(h)(1)(A) committed by the Howard County Circuit Court was **"harmless".** This act committed by Howard County Circuit Court was not a "harmless" act as defined by the Court of Special Appeals. Howard County Circuit Court **literally operated outside Maryland**

7

**law and committed an act of extrinsic fraud against the petitioner as well as deprived the petitioner of his Constitutional rights protected by the Fifth/Fourteenth Amendment.**

33. The petitioner states to this court, he continues to be a victim of unlawful malicious prosecution, fraud, perjury that usurped the judicial process, and has suffered severly from patterns of extreme judicial bias since the case inception.

34. **Mandamus relief** is available where (1) a court abuses its discretion and (2) there is no "adequate remedy by appeal." In re Prudential Ins. Co. v. Am., 148 S.W.3d 124, 135-36 & n.47 (Tex. 2004) (citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)). Accordingly, an error of law constitutes a clear abuse of discretion. Id.; Prudential, 148 S.W.3d at 135.

35. "If the order is void, it may be attacked at any time in any proceeding," Evans v Corporate Services, 207 Ill.App.3d 297, 565 N.E.2d 724 (2nd Dist. 1990).

36. The the mandamus should issue because;

37. **The inferior court (Howard County Circuit Court) abused its discretion clearly imposed by law when it completely ignored Maryland Rule 9-208(h)(1)(A).**

38. **The inferior court (Howard County Circuit Court) abused its discretion clearly imposed by law when they completely ignored Maryland Rule 9-208(i).**

39. **The petitioner is stating to this court the inferior court abused its discretion clearly imposed by federal and state law when they denied the petitioner his judicial right to be heard in a formal court hearing (thus committing an act of extrinsic fraud upon the court).**

40. **The petitioner is stating to this court, the inferior court abused its discretion clearly imposed by law when they dissmissed the petitioner's exception (after issuing the order) without "written reason"(Maryland Rule 9-208).**

8

41. **The petitioner is stating to this court, the inferior court abused its discretion clearly imposed by law when it fraudulently awarded the plaintiff an amount that clearly exceeds the statuatory limits for both federal and state law in his absence (Federal Consumer Credit Protection Act statute 15 USC 1673 paragraph (b)).**

42. **The petitioner is stating to this court, the inferior court abused its discretion clearly imposed by federal law when they violated the petitioner's due process protected by the Fifth/ Fourteenth Amendment of the United States Constitution.**

43. As demonstrated above the Howard County Circuit Court **clearly failed** in it's duty to follow Maryland state statutory procedural requirements and thus clearly abused its discretion in many ways.

44. **The petitioner was significantly injured from the fraudulent financial hardship imposed upon the petitioner and the malicious forms of enforcement from the State of Maryland, which has caused a major inability for the petitioner's to not only provide for himself, but also for the rest of his family. The petitioner's State of Maryland driving privileges were also revoked due to the petitioner's inability to pay. The petitioner's domino effect losses are massive due to the imposed injury from the void judgement.**

45. **The petitioner submits this petition before this court because there is no other specific legal remedy. The petitioner lacked the resources (time, money, internet access, and knowledge) to pursue the issue earlier, and is unable to appeal the issue at this point.**

46. Absent mandamus relief, the inferior court's order threatens continued serious, imminent harm to include incarceration. **The petitioner is being harassed daily by Maryland state child support enforcement agencies in an attempt to collect on a void order.**

47. If the inferior court's invalid order were allowed to stand, it could produce a host of additional legal and practical problems that undermine not only the petitioner, but also the public's interest. The inferior court's rulings and actions may lead other parties, courts, and county clerks to mistakenly believe that it's normal for the courts to operate outside Maryland statuatory laws and further deny the citizen of Maryland their rights protected not only by Maryland law, but the Constitution of the United States.

**48. "Due Process is a requirement of the U.S. Constitution. Violation of the United States Constitution by a judge deprives that person from acting as a judge under the law. He/she is acting as a private person, and not in the capacity of being a judge,":Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872).**

49. "Any judge who acts without jurisdiction is engaged in an act of treason," U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821). "Engaging in an act of treason against the United States Constitution by any citizen of the United States is an act of war against the United States," Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958):

50. **The inferior court judge is also guilty of the following United States Codes;**

51. USC 18 §242; DEPRIVATION OF RIGHTS UNDER COLOR OF LAW: Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State the deprivation of any rights shall be fined under this title or imprisoned not more than one year, or both;

52. USC 18 §241; CONSPIRACY AGAINST RIGHTS: If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State in the free exercise or enjoyment of any right they shall be fined under this title or imprisoned not more than ten years, or both.

**Federal question regarding awards of child support and commissions of fraud**

Child support guidelines do not result in awards based on the constitutionally sound principles of equal duty and proportional obligation (proportional to available financial resources such as each parent's income). See *Smith v. Smith*, 626 P 2d 342, 345-348 (Oregon, 1980); *Meltzer v. Witsberger*, 480 A.2d 991 (Pa. 1984); and *Conway v. Dana*, 318 A.2d 324 (Pa. 1985).

Further, the instant state proceedings have consistently demonstrated themselves to be willfully, intentionally, and knowingly in violation of both state and federal law, by: ordering awards of child support in favor of Respondent, and of garnishment against Petitioner, that circumvented various statutory due process consideration factors as to needs, assets, debts, and resources of each parent, as well as violating due process procedures in the timeliness and payment logistics thereof; moreover, the actual amounts awarded, even *if* they had not been otherwise unlawful pursuant to the above, were consistently mandated and carried out in express violation of statutory maximum limits proscribed by both state and federal law, even though this Petitioner duly informed the instant state court of said limits in open court. *See* Ind. Code § 24-4.5-5-104, and Ind. Code § 24-4.5-5-105, as well as 15 USC § 1673, and 15 USC § 1675.

Additionally, multiple commissions of fraudulent reporting of income and expenses have been committed in knowing, intentional, and willful concert by Respondent and her counsel. When these incidents have been presented to the inferior state court, they were also ignored; The result is judicial-attorney conspiracy to commit child support fraud and further unlawful deprivations of property without due process, all in violation of the Constitution.

11

**53. The petitioner is further stating the child support awarded was/is in clear violation of the Federal Consumer Credit Protection Act statute 15 USC 1673 paragraph (b) and state law because the petitioner was unemployed.**

54. Paragraph (c) of this federal CCPA protection statute is the actual statutory, mandatory, express protection itself. It clearly states **"No court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section." This also makes the judgement void from onset.**

55. The petitioner has a federal question right, under the guarantees of 42 USC § 2000a, to full and equal lawful treatment in a state court of law, and according to the various protections under not only the Maryland Constitution, but more importantly under those of the U.S. Constitution.

56. The petitioner has a federal question right, under the protections of the Civil Rights Act of 1964, 42 USC § 2000d, et seq., and as interpreted by the U.S. Supreme Court to *include* prohibitions against discrimination based on sex or gender, to now remove the instant state proceedings, under 28 USC §§ 1441 and 1443, in order to be free from the denial of such equal civil rights and treatment established above.

57. The petitioner has a federal question right, under the protections of 42 USC §§ 3617 and 3631, which include prohibitions against discrimination based on sex or gender, to remove the instant state proceedings, under 28 USC §§ 1441 and 1443, in order to be free from the denial of such equal civil rights and treatment established above. *See also* 42 USC § 2000d-7.

58. The petitioner has a further federal question right, under the protections of 42 USC § 5891, which include prohibitions against discrimination based on sex or gender regarding other matters and allegations expressed *supra*, to remove the instant state proceedings, under 28 USC

12

§§ 1441 and 1443, in order to be free from the denial of such equal civil rights and treatment established above. *See also* 42 USC §§ 5106a, 5106c, 10406, 10420, 10701, and etc.

59. The petitioner has a further federal question right, under 42 USC §14141, to be free from unlawful violations of civil rights committed by the parties involved in the state proceedings.

<u>PRO SE RIGHTS</u>

60. Pro se pleadings are always to be construed liberally and expansively, affording them all opportunity in obtaining substance of justice, over technicality of form. Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938); Picking v. Pennsylvania Railroad Co., 151 F.2d 240 (3rd Cir. 1945); Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); Puckett v. Cox, 456 F. 2d 233 (6th Cir. 1972); and, etc., etc., etc., practically ad infinitum.

61. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax or sentence construction, or a litigant's unfamiliarity with particular rule requirements. Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999); and, etc., along with numerous similar rulings.

62. When interpreting pro se papers, this Court is required to use its own common sense to determine what relief that party either desires, or is otherwise entitled to. S.E.C. v. Elliott, 953

13

F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (court has a special obligation to construe pro se litigants' pleadings liberally); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000); and, etc.

63. Indeed, the courts will even go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result. U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996). Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on ANY possible theory." (emphasis added) See, e.g., Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975), Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974), Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784, 787 (8th Cir. 1979), Bowers v. Hardwick, 478 U.S. 186, 201-02, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997), O'Boyle v. Jiffy Lube International Inc., 866 F.2d 88 (3rd Cir. 1989), and etc., etc., etc.

## NOTICE TO PARTIES

64. The petitioner now and hereby provide(s) his/her/their formal Notice of the above to all interested parties, of record or otherwise, within and surrounding the above-encaptioned state court proceedings.

14

## SUMMARY AND PRAYER

WHEREFORE, the undersigned Petitioner(s), Steven Moseley, now pray(s) for this court to;

1. Issue an **Emergency Preliminary Injunction** against the enforcement and collection of the void judgement **to avoid further irreparable harm of the inferior court while case is being reviewed by this court.**

2. That the court issue a peremptory writ commanding respondents to vacate the order issued against petitioner.

3. Issue a Declaratory Judgement that the process used by the lower court was invalid and other appropriate for relief.

4. Issue an order to remove Maryland State driving restrictions, Credit Reporting Agency restrictions, and remove the petitioner's name from all databases that restrict liberties imposed on the petitioner due to inability to pay.

5. All other relief deemed just and proper in the premises. Suit pending decision.

Respectfully submitted,

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

15

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing petition, has been duly served

upon all parties of record in the lower state proceedings by the office of US Marshal.


Stephany Young
8918 Oxley Forest Court
Laurel, Maryland 20723

Closson, Esq, Walter
Howard County Dept of Social Services
7121 Columbia Gateway Drive
Columbia, Maryland 21046

Judge Richard S Bernhardt
Howard County Circuit Court
8360 Court Avenue
Ellicott City, Maryland 21043

16