**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

STEVEN MOSELEY,

Petitioner

v

STEPHANY YOUNG,
WALTER CLOSSON, ESQ.,
JUDGE RICHARD S. BERNHARDT,

Respondents

Civil Action No. JKB-17-116

\*\*\*

## MEMORANDUM OPINION

Plaintiff Steven Moseley, a resident of Houston, Texas, filed the above-entitled petition with a motion to proceed in forma pauperis on January 13, 2017. Because he appears to be indigent, Moseley's motion shall be granted. For the reasons below, the petition must be dismissed.

Moseley asserts he is entitled to mandamus relief because the Honorable Richard S. Bernhardt of the Howard County Circuit Court ignored Maryland procedural rules and violated his rights by failing to hold a hearing in connection with a paternity and child custody action prosecuted by Counsel Walter F. Closson and the Howard County Department of Social Services on behalf of Stephany L. Young, the mother of Moseley's child. ECF 1. As relief, Moseley seeks an emergency preliminary injunction against the enforcement and collection of child support and an order invalidating the Circuit Court rulings issued in *Howard County Dept. of Soc. Serv., et al. v. Steven Mosley,* Case No. 13C11087194 (Cir. Ct. Howard County).[1] ECF 1 at p. 15.

Moseley filed his action under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant

---

[1] See http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as Moseley's action. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a pleading, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a district court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Even affording Moseley's claims the most liberal construction, the petition fails to state a claim upon which relief may be granted. First, this court does not have original subject-matter jurisdiction over matters concerning paternity, child support, or child custody. *See Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest). Further, this court cannot review such a case even where the moving party establishes diversity jurisdiction. *See Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights).

2

Second, the relief sought in this case is in the nature of mandamus relief against a Maryland state judge and prosecutor. This court does not have jurisdiction over state employees in an action for writ of mandamus. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. §1361 (establishing federal court mandamus jurisdiction over officer or employees of the United States).

Finally, Moseley's primary allegation is that he was denied a hearing in connection with the matter and otherwise deprived of due process. He was unsuccessful in the Circuit Court and later on appeal. Additional review of the case is not now available in this court. "Under the *Rooker-Feldman*[2] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this court is free to raise it *sua sponte*. *See Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n.5 (4th Cir.1997).

Accordingly, the petition shall be dismissed by separate order which follows.

Date:  January 25, 2017 /s/
James K. Bredar
United States District Judge

---

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).