IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN MOSELEY,

    Petitioner

v.      CIVIL NO. JKB-17-0116

STEPHANY YOUNG *et al.*,

    Respondents

## MEMORANDUM AND ORDER

### *I. Petition for Mandamus*

Petitioner Steven Moseley initiated this *pro se* litigation, which sought a writ of mandamus "for revisory review of fraud, perjury, abuse of discretion and orders exceeding jurisdiction." (Pet., ECF No. 1.) Specifically, Moseley requested a review of Case Number 13C11087194 in the Circuit Court for Howard County, Maryland. (*Id.* 1.) He claimed that his federal due process rights were violated by the state court through the conduct of Circuit Court Judge Richard S. Bernhardt, who allegedly denied Moseley a hearing in his state court case involving child support. (*Id.* 1-2.)

Moseley alleged he did not receive a notice via first-class mail of a hearing before an appointed master on the question of child support until after the March 8, 2012, hearing. (*Id.* 4.) On March 22, 2012, he filed an exception to the master's recommendation and requested a hearing because his lack of employment and "other evidence relevant to the case . . . would have resulted in a major difference in the calculation of the child support award." (*Id.*) The plaintiff in the state court case—apparently, the child's mother and a respondent in the instant federal

case—filed a response to Moseley's exception on March 27, 2012, and a motion to dismiss exceptions on March 29, 2012. (*Id.*) Moseley filed his opposition to the motion to dismiss exceptions on April 6, 2012, and again requested a hearing on the matter. (*Id.*) Judge Bernhardt did not rule on Moseley's exception, instead entering an order for child support on April 9, 2012. (*Id.* 5.) Because Judge Bernhardt did not rule on Moseley's exception, Moseley contended in this case that the judge operated outside of Maryland law, specifically, Maryland Rule 9-208(h)(1)(A), which then provided that "the court shall not direct the entry of an order or judgment based upon the master's recommendations until the expiration of the time for filing exceptions, and if exceptions are timely filed, until the court rules on the exceptions."[1] (Pet. 5.) Moseley alleged that Judge Bernhardt also ignored Maryland Rule 9-208(i)(2), which states, "A hearing on exceptions, if timely requested, shall be held within 60 days after the filing of the exceptions unless the parties otherwise agree in writing." (Pet. 6.) By not following these rules and by not giving Moseley the hearing he requested, the state court, Moseley alleged, denied him due process, thereby making the state court's judgment void. (*Id.*)

Moseley further alleged that the state court dismissed his exception on April 18, 2012, "without a formal written reason." (*Id.* 7.) Then, on April 24, 2012, Moseley filed a motion to vacate the child support order, which Moseley, confusingly, alleges was denied on April 18, 2012. (*Id.*) His appeal to the Maryland Court of Special Appeals was unsuccessful based on that court's ruling that the violation of Maryland Rule 9-208(h)(1)(A) was harmless. (*Id.*)

Moseley requested this Court order the following types of relief:

1. Issue an Emergency Preliminary Injunction against the enforcement and collection of the void judgment to avoid further irreparable harm of the inferior court while [the] case is being reviewed by this court.

---

[1] Masters who hear family law matters are now titled "family law magistrates," and the rule now refers to a master as a magistrate. The change was effective March 15, 2015. Md. Rule 1-501.

2

2. That the court issue a peremptory writ commanding respondents to vacate the order issued against petitioner.

3. Issue a Declaratory Judgement that the process used by the lower court was invalid and other appropriate for [sic] relief.

4. Issue an order to remove Maryland State driving restrictions, Credit Reporting Agency restrictions, and remove the petitioner's name from all databases that restrict liberties imposed on the petitioner due to inability to pay.

5. All other relief deemed just and proper in the premises. Suit pending decision.

(*Id.* 15.)

## II. Procedural History

In response to Moseley's petition, this Court granted him *in forma pauperis* status but dismissed his petition. (ECF Nos. 3, 4.) The Court determined the petition did not state a claim upon which relief may be granted. (Mem. 2, Jan. 25, 2017, ECF No. 3.) The basis for that decision was that the Court does not have original subject-matter jurisdiction over paternity, child support, or child custody matters. (*Id.*) That is true even if the moving party establishes diversity jurisdiction. (*Id.*) Moreover, the Court lacks mandamus jurisdiction over state employees, such as the judge and the county prosecutor (the latter of whom, apparently, being the one to have brought the child support enforcement action against Moseley). (*Id.* 3.) Finally, the Court regarded Moseley's requests for relief as ones barred by the *Rooker-Feldman* doctrine since they amounted to a request for federal court review of a state court judgment. (*Id.*) See *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Nearly six months later, Moseley filed a petition to reopen the case, asserting a new claim, and a motion to vacate the prior dismissal order, pursuant to Federal Rule of Civil

Procedure 60(b)((4). (ECF No. 5.) In this filing, Moseley conceded that this Court does not have jurisdiction over his case under the *Rooker-Feldman* doctrine, but averred that he was really asking the Court "to examine the federal question of whether the judicial proceedings that lead [*sic*] up to the entered judgement comported with the federal constitutional guarantee of due process." (*Id.* 1-2.) He asked for an injunction "against the enforcement and collection of the void judgement to avoid further irreparable harm of the inferior court while [the] case is being reviewed by this court," a declaratory judgment "that the Howard County Circuit Court judgement entered was invalid," and "an order to remove Maryland State driving restrictions, Credit Reporting Agency restrictions, and all databases that restrict liberties imposed on the petitioner." (*Id.* 7.)

In response, the Court noted that Rule 60(b)(4) permits relief from a judgment if the judgment is void, determined that its prior order of dismissal was not void, further determined that Rule 60(b) did not authorize motions merely based upon a request for reconsideration, and reaffirmed its earlier ruling, thereby denying Moseley's petition to reopen. (Order, July 26, 2017, ECF No. 6.) Subsequently, the Court denied Moseley's motion for reconsideration of the denial of his petition to reopen. (ECF Nos. 7, 8.)

Moseley then filed another petition to vacate pursuant to Rule 60(b)(4), again challenging the state court judgment as void.[2] (ECF No. 11.) A couple of weeks later, Moseley filed a "petition for an emergency postponement and formal request for a court appointed attorney." (ECF No. 12.) Moseley contends therein the Court has misconstrued his case and asks the Court

---

[2] This motion was originally docketed as a new court case in Civ. No. ELH-17-2490 (D. Md.). The Court determined it properly should be considered as a post-judgment motion in the instant case, directed the Clerk to file it as such, directed the Clerk to provide Moseley with United States Marshal service-of-process forms, and dismissed the new case. (Order, Sept. 13, 2017, ECF No. 10.)

4

to postpone service by the Marshal and to schedule "an emergency hearing to mediate the stumbling block." (*Id.* 1-2.)

## *III. Analysis*

The most generous interpretation of Moseley's pending motions is that he contends the Court made a mistake when it ruled his petition failed to state a claim for relief. *See* Fed. R. Civ. P. 60(b)(1) (permitting relief from judgment or order based upon mistake). The Court's attention is called to cases finding a cognizable federal claim in the denial of due process in the course of state court or administrative proceedings. *See, e.g., Thana v. Bd. of License Comm'rs for Charles Cty.*, 827 F.3d 314, 321 (4th Cir. 2016) (county liquor control board); *Alexander v. Rosen*, 804 F.3d 1203, 1205-06 (6th Cir. 2015) (state court proceedings in connection with child support). The Sixth Circuit's case in *Alexander* is closer factually to the instant case. There, the court determined the district court had not been asked to enter, modify, or nullify a divorce, alimony, or child-custody decree; instead, the plaintiff there claimed that state officials conspired against him in violation of federal law. *Id.*

Certainly, it is possible that Moseley could construct a claim that he was denied due process in the course of his child-support proceedings and possible that such a claim would be independent of an attack on the judgment itself. To date, however, Moseley has not advanced a colorable claim on that basis. To the extent he asks this Court to declare the child-support judgment entered against him to be void, that form of relief is strictly forbidden by the *Rooker-Feldman* doctrine, which bars federal "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Rooker*, 263 U.S. at 414-

15 (affirming district court's dismissal of plaintiff's request to have state court judgment declared null and void). Likewise, his related requests to bar enforcement and collection of the judgment and to bar the imposition of collateral consequences flowing from the judgment pertaining to credit reporting, driving restrictions, etc., are not a proper form of relief for this Court to provide without running afoul of the *Rooker-Feldman* doctrine.

Thus far, Moseley's complaint is centered upon the alleged violation by the state court judge of Maryland procedural rules. The federal constitutional right to due process is not, of course, defined by state law. "The essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Moseley's allegations presently before the Court do not allow an inference that he was not permitted an opportunity to respond before the state court judge entered the child-support order. It is true he alleges he did not receive notice of the hearing before the master following which she made her recommendation to the state court regarding child support, but Moseley was permitted an opportunity to file written objections to her recommendation before it became a judgment. The Court knows of no authority that requires an in-person, in-court hearing prior to the entry of a child-support order for the purpose of satisfying federal due process rights. *See Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) ("Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits. . . .What the Constitution does require is 'an opportunity . . . granted at a meaningful time and in a meaningful manner' 'for [a] hearing appropriate to the nature of the case.'" (Citations omitted.)).

Nevertheless, Moseley will be permitted an opportunity to file a revised complaint with sufficient factual content to show a violation of his *federal due process* rights, as distinguished from any denial of rights under Maryland state procedural rules. He is cautioned that his complaint against Judge Bernhardt must be based upon extra-judicial acts—and not based upon his simply entering court orders or taking other judicial acts prior to or subsequent to the child-support judgment against Moseley—or risk dismissal of Judge Bernhardt from the suit because of absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judges entitled to absolute immunity for judicial acts, unless performed in "clear absence of all jurisdiction"). Also, Moseley has not yet provided plausible factual allegations that Respondents Stephany Young and Walter Closson acted under color of state law in violation of his federal due process rights. He must correct this deficiency if his suit is to move forward against him.

Last, the Court finds no merit in Moseley's motion for postponement or request for mediation. Likewise, until the Court is apprised of a colorable claim within this Court's jurisdiction, and unless the Court is persuaded that exceptional circumstances exist to justify the appointment of counsel, it will deny Moseley's motion for such an appointment. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 300 (1989).

### *IV. Conclusion*

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Clerk SHALL STAY its issuance of process pending further order.
2. Moseley's motion for postponement and appointment of counsel (ECF No. 12) IS DENIED WITHOUT PREJUDICE.

3. Moseley SHALL FILE an amended complaint compliant with this Memorandum and Order on or before January 19, 2018.

4. Failure so to file risks dismissal of the case without further notice.

DATED this 13 day of December, 2017.

BY THE COURT:

James K. Bredar
Chief Judge